**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CMH HOMES, INC.**                                                                                           **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 2:18-CV-34-KS-MTP**

**JENNIFER DENISE WILSON and**
**WANDA J. RIDGWAY**                                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration [15] filed by Defendants Jennifer Denise Wilson and Wanda J. Ridgway. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

### I. BACKGROUND

Defendants Jennifer Denise Wilson and Wanda J. Ridgway (collectively "Defendants") purchased a manufactured home from Plaintiff CMH Homes, Inc. ("CMH"), on June 3, 2017. As part of the purchase process, Defendants entered into a Binding Dispute Resolution Agreement ("BDRA"), by which parties agreed to submit to mediation, and if mediation failed, mandatory, binding arbitration, any dispute

> arising out of or related to (i) the modular or manufactured home(s) purchased, sold, owned, occupied and/or delivered in any transaction with Buyer or Beneficiaries (the "Home"), (ii) the documents related to the purchase and sale of the Home (including, but not limited to, the Retailer Closing Agreement, any Purchase or Sales Agreement, buyer's order, supplemental invoice, and other instruments and agreements whereby the Seller purports to convey or receive any goods or services or from Buyer or Beneficiaries (collectively, the "Contract")), (iii) any products, goods, services, insurance, supplemental warranty, service contract, and real property (including improvements to the real property) sold under or referred to in the Contract, (iv) any events leading up to the Contract, (v) the collection and servicing of the Contract, (vi) the design and construction of the Home, and (vii) the interpretation, scope, validity, and enforceability of the Contract . . . .

(BDRA [1-5][11-2] at p. 1.)

On August 3, 2017, Defendants' attorney sent a letter alleging "major damage" to the purchased home, stating that the home was in a "heavily damaged condition" that was caused by CMH. (Letter [1-6].) In an e-mail dated October 26, 2017, Defendants rejected a settlement offer made by CMH and said that a formal demand would be forthcoming. No such demand was made and no further communication was received from Defendants.

CMH filed its Petition [1] on February 28, 2018, asking that the Court enter an order compelling Defendants to comply with the terms of the BDRA. The Court granted this Petition [1] in its Order [14] on May 16, 2018. Defendants filed their Motion for Reconsideration [15] on June 13, 2018.

## II. DISCUSSION

### A. Standard of Review

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters

that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Defendants argue that the Court's Order [14] should be reconsidered because it did not consider claims, such as those dealing with the credit transaction, usury violations, and fraud, which were not raised in the initial pre-litigation letter and were mentioned for the first time in Defendants' response to the Petition [1]. These claims, they argue, are now before the Circuit Court of Lamar County, Mississippi.

These arguments are merely a rehashing of arguments already presented and rejected by this Court. The Petition [1] dealt specifically with the claims addressed by Defendants in their pre-litigation letter, and the Court's Order [14] granting the Petition [1] deals only with whether those claims are within the scope of the BDRA. The Court declined to rule on whether any other claims fell within the scope of the BDRA because those claims were not before it. Rather than offer any new arguments as to why the Court should reconsider and decide this issue, Defendants have given the Court further cause to refrain from addressing it. Because these claims are now before the Circuit Court of Lamar County, the Court finds that the state court should be the one to address whether arbitration of those claims are mandated by the BDRA.

Furthermore, Defendants' contention that all of their claims must either be litigated or arbitrated together has no legal support. The fact that some claims brought by a plaintiff do not fall under the purview of an arbitration agreement does not prohibit arbitration of those that do. Rather,

3

those claims are severed and submitted to arbitration while those that do not fall under the agreement remain.

Because Defendants have offered no new argument as to why the Court should reconsider its previous Order [14], the Motion for Reconsideration [15] will be **denied**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED the Motion for Reconsideration [15] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 8th day of August, 2018.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE